# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KEEP ROCKIN, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PIZZA ROCK LV, LLC, a Nevada limited liability company, and PIZZA ROCK, LLC, a California limited liability company,<br><br>Defendants. | Case No. 2:13-cv-02205-JAD-PAL<br><br>**JOINT [PROPOSED] ELECTRONIC DISCOVERY ORDER** |

In accordance with the Court's minute order of March 28, 2014, Plaintiff Keep Rockin, LLC ("Plaintiff") and Defendants Pizza Rock LV, LLC and Pizza Rock, LLC ("Defendants"), submit the following proposed order governing requests for, and the production of, electronically stored information ("ESI") in this case.

**I.  MEET-AND-CONFER.**

On April 4, 2014, the parties conducted a telephonic meet-an-confer to discuss the relevant ESI materials they are likely to have as well as proposals to manage ESI. Plaintiff was represented by Jonathan W. Fountain, Esq. and Michael J. McCue, Esq. of the law firm LEWIS ROCA ROTHGERBER LLP. Defendants were represented by Guy W. Chambers, Esq. of the law firm DUANE MORRIS LLP.

**II.  ORDER GOVERNING THE PRODUCTION OF ESI.**

The Court **ORDERS** as follows:

1.  This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2.  This Order may be modified for good cause. The parties shall jointly submit any

proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8. Email production requests shall be phased to occur after the parties have exchanged initial disclosures. Once the parties have exchanged initial disclosures, each side (*i.e*., Plaintiff on the one hand, and the Defendants (collectively), on the other hand, may serve up to 10 special interrogatories (in addition to the 25 interrogatories permitted each party under Rule 33(a) of the Federal Rules of Civil Procedure), upon the other side solely for the purpose of identifying the proper custodians, search terms, and time frames, sufficient to enable the party to frame and propound email production requests.

9. Email production requests shall identify the custodian, search terms, and time frame, if known. If not known and/or if not disclosed in response to a special interrogatory, the parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe. .

10. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

11. Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

12. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

13. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other

4429525.1

1  federal or state proceeding.

2      14. The mere production of ESI in a litigation as part of a mass production shall not

3  itself constitute a waiver for any purpose.

4      Dated: this 10th day of April 2014.

5  By:   /s/ Jonathan W. Fountain                By:   /s/ Guy W. Chambers

6  Michael J. McCue                             Mark A. Steiner
   Jonathan W. Fountain                      Guy W. Chambers
7  LEWIS ROCA ROTHGERBER LLP       DUANE MORRIS LLP
   3993 Howard Hughes Pkwy.              Spear Tower
8  Suite 600                                       One Market Plaza, Suite 2200
   Las Vegas, NV 89169-5996               San Francisco, CA 94105-1127
9  (702) 949-8200 (tel.)                      (415) 957-3000 (tel.)
   (702) 949-8398 (fax)                     (415) 957-3001 (fax)
10

11  Attorneys for Plaintiff                    Manita Rawat
    Keep Rockin, LLC                      DUANE MORRIS LLP
12                                                      100 North City Parkway
                                                    Suite 1560
13                                                      Las Vegas, NV 89106
                                                    (702) 868-2600 (tel.)
14                                                      (702) 385-6862 (fax)

15                                                      Attorney for Defendants
                                                    Pizza Rock LV, LLC and Pizza Rock, LLC

16

17                           **IT IS SO ORDERED:**

18

19

20                      UNITED STATES MAGISTRATE JUDGE

21

22                      DATED: April 15, 2014

-4-

4429525.1